## In re GREAT LAKES TRANSIT CORPORA-TION, Limited, et al.

### No. 3135.

District Court, N. D. Ohio, E. D.
Sept. 30, 1931

Holding, Duncan & Leckie, of Cleveland, Ohio, for petitioner.

Goulder, White & Garry, of Cleveland, Ohio, for Heussler and Ott.

JONES, District Judge.

Exceptions to the petition for limitation of liability have been filed by Heussler and Ott, who have instituted suits at law in other jurisdictions for cargo damage resulting from an accident while the ship was laid up for the winter at Midland, Ontario. It is contended that this court is without jurisdiction of the limitation proceedings because the barge Glenbogie was not at the time of the accident a vessel within admiralty jurisdiction.

■ Admiralty jurisdiction is not suspended, as to vessels engaged in maritime commerce on the Great Lakes, during the part of the year that navigation is closed. Where a vessel under contract of carriage trans-ports a cargo from one port to another and holds such cargo pending delivery at the opening of the next season, it is not thereby excluded from the benefits of the limitation of liability statutes (46 USCA §§ 181–195). No such exception may be read into the act.

■ The character of the service and liability of the owner may be temporarily altered (The Murphy Tugs [D. C.] 28 F. 429; The Pulaski [D. C.] 33 F. 383), but the vessel remains a capable instrument of maritime commerce (In re Michigan S. S. Co. [D. C.] 133 F. 577; The C. H. Northam [D. C.] 181 F. 983). The proceeding initiated by the petitioner is not a controversy between the owner of the vessel and the cargo owner, but is the assertion of a statutory right. If under these circumstances the Glenbogie ceased to be a vessel for the purpose of limitation of liability for damaged cargo, it ceased to be a vessel entitled to limitation against all damage asserted against it, whether loaded or empty. I do not see how the limitation statutes could be thus construed, and no case has been cited as support for such contention. Her maritime character is not destroyed by the temporary lay-up.

Exceptions are overruled.